## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

WARREN ELDON HOOKS,      )
      )
      **Plaintiff,**      )
v.      )      **Case No. CIV-20-386-JFH-SPS**
      )
KILOLO KIJAKAZI,[1]      )
**Acting Commissioner of the Social**  )
**Security Administration,**      )
      )
      **Defendant.**      )

## REPORT AND RECOMMENDATION

The claimant Warren E. Hooks requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-five years old at the time of the administrative hearing (Tr. 45). He completed high school and has previously worked as a carpet layer and warehouse worker (Tr. 33, 269). The claimant alleges inability to work since June 27, 2014, due to middle to lower back problems, neck problems, and a seizure condition (Tr. 268).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on May 11, 2017. His applications were denied. ALJ Clifford Shilling conducted an administrative hearing (Tr. 40). After the hearing, the case was reassigned to Administrative Law Judge Timothy Suing and he determined that the claimant was not disabled in a written opinion dated February 4, 2020 (Tr. 25-35). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

-3-

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.15679(c) & 416.967(c), *i. e.*, he can lift/carry fifty pounds occasionally and twenty-five pounds frequently, sit for six hours in an eight-hour workday, and stand/walk for six hours in an eight-hour workday, but that he was limited to only frequent climbing of ladders/ropes/scaffolds/ramps/stairs, as well as stooping, kneeling, crouching, and crawling. Additionally, the ALJ found that he must avoid concentrated exposure to hazardous machinery and unprotected heights. Finally, he found the claimant was limited to work requiring little to no judgment and simple duties that can be learned on the job in a short period (Tr. 29). He thus concluded at step four that the claimant could return to his past relevant work as a warehouse worker. Alternatively, he found that there was work in the economy that he could perform, *i. e.*, hand packager, machine packer, and general production helper (Tr. 34).

### Review

The claimant contends that the ALJ erred by: (i) failing to consider new evidence as to his mental impairments, (ii) failing to properly assess his RFC, and (iii) improperly determining that he could perform his past relevant work. The undersigned Magistrate Judge agrees with the claimant's second contention, and the case should be remanded.

The ALJ found the claimant had the severe impairments of degenerative disc disease of the cervical spine, compression deformities in the thoracic and lumbar spines, seizure disorder, major depressive disorder, and anxiety disorder (Tr. 28). The relevant medical

evidence reveals that on October 11, 2016, the claimant was noted to have chronic back pain and seizure disorder by Dr. Roy Russell. Dr. Russell noted the claimant had been off medication for several months because of lack of insurance and funds (Tr. 339, 375). X-rays of the lumbar spine revealed compression deformity of L1 and mild hypertrophic changes. Thoracic spine x-rays revealed multiple thoracic compression deformities, age indeterminate, and mid and lower thoracic hypertrophic changes. X-rays of the cervical spine revealed disk degenerative changes at C6-C7. Dr. Russell noted mid back pain and seizures. (Tr. 342-344, 391). Otherwise, the claimant was largely treated by Sue McDaniel, APRN, at Good Samaritan Clinic. She assessed claimant with seizures and back pain, along with major depression, noting a flat affect, and that he was speaking slowly and thoughtfully (Tr. 386-387, 400-401, 403).

In a consultative examination report dated July 7, 2017, Dr. Chris Sudduth noted that the claimant had severe decreased range of motion of the lumbar spine with lumbar spine pain on range of motion assessment, as well as a positive straight leg raise test bilaterally (Tr. 350-360). The claimant also had severe decreased range of motion about the cervical spine with cervical spine pain with range of motion assessment (Tr. 353-357).

In a mental status examination from July 28, 2017, psychologist Dr. Theresa Horton noted that the claimant did not have a valid Oklahoma driver's license and that typically he did not drive, due to his seizure disorder. Dr. Horton stated that the claimant's speech was slow, and his thought processes were logical, organized, and goal directed; though somewhat slowed and tangential, he would return to tasks with prompting. His mood was described as predominately depressed, with adequate concentration, appropriate judgment,

and fair insight.  Dr. Horton diagnosed the claimant with Major Depressive Disorder, Recurrent, Moderate and Unspecified Anxiety Disorder.  Her prognosis stated that the claimant appeared capable of understanding, remembering, and managing mostly simple and somewhat more complex instructions and tasks, though his pace was slow and likely affected his overall level of productivity.  He would not adjust well in areas that are fast-paced and/or densely populated (Tr. 362-365).

Dr. David McCarty reviewed the record and determined that the claimant could perform medium work, but that he could only frequently climb ladders/ropes/scaffolds/ramps/stairs, stoop, kneel, crouch, or crawl due to his cervical and lumbar limitations (Tr. 74-75).  On reconsideration, Dr. Laura Lochner made the same findings (Tr. 103-106).

In his written decision, the ALJ summarized the claimant's hearing testimony as well as some of the evidence in the record.  As relevant, the ALJ summarized Dr. Sudduth's report, as well as the x-ray findings and the treatment notes from Good Samaritan Clinic. He concluded that the claimant could perform medium work with additional limitations, noting that his seizures would prevent him from working at unprotected heights or around hazardous moving machinery, and his depression and medication would limit him to simple work.  He found the state reviewing physician opinions persuasive and stated that the evidence did not support a more restrictive limitation, noting mild objective findings, normal gait, muscle tone, and bulk (Tr. 32-33).  Other than discussing the persuasiveness of the state reviewing physician opinions, the ALJ provided no further analysis of the evidence in the record.

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c.  Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a) & 416.920c(a).  Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors.  *See* 20 C.F.R. §§ 404.1520c(b) & 416.920c(b).  The factors are:  (i)  supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.").  20 C.F.R. §§ 404.1520c(c) & 416.920c(c).  Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered.  *See* 20 C.F.R. §§ 404.1520c(b)(2) & 416.920c(b)(2).  Generally, the ALJ is not required to explain how the other factors were considered.  *Id.*  However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3) & 416.920c(b)(3).

In this case, the ALJ properly summarized Dr. Sudduth's opinion, but failed to

properly assess its persuasiveness, supportability, and consistency.  This was error because the regulations discussed above require the ALJ to explain how persuasive he found the medical opinions he considered, and as part of that explanation, also require him to specifically discuss the supportability and consistency factors.  The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations."  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The failure to do so here as to Dr. Sudduth is particularly problematic because his objective findings indicate documented reduced range of motion and positive straight leg raise tests, which would certainly inform the findings related to the claimant's ability to sit, stand, walk, and lift.  Likewise, the consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  In this case, the ALJ simply noted that the claimant had normal muscle tone and bulk despite the positive straight leg test and x-rays documenting degenerative changes, ignoring the limited range of motion findings. This was error because the regulations discussed above require the ALJ to explain how persuasive he found the medical opinions he considered, and as part of that explanation, also require him to specifically discuss the supportability and consistency factors.  *See* 20 C.F.R. §§ 404.1520c(b) & (c), 416.920c(b) & (c).  *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") (citation omitted). An explanation of the persuasiveness of Dr. Sudduth's opinion that includes a discussion of

how he supported his opinion and how his opinion compares with the other evidence of record is therefore entirely absent from the ALJ's decision and constitutes reversible error.

Furthermore, the RFC assessment must still include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)."  Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination."  *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013) (*citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003)).  Here, the ALJ has connected no evidence in the record to instruct this Court as to how the stated RFC accounts for the claimant's severe and nonsevere impairments, including the documented degenerative disc disease of the cervical spine and the compression deformities in the thoracic and lumbar spine.  This is error because the ALJ is required to consider all of a claimant's impairments – both severe and nonsevere – singly and in combination, when formulating a claimant's RFC.

Finally, the ALJ's decision failed to wholly account for the claimant's seizure disorder, specifically his (in)ability to drive.  The Tenth Circuit has instructed that an ALJ's inclusion of *presumed* "seizure precautions" without specific information regarding them is insufficient to relate "*with precision* all of the claimant's impairments."  *Tucker v. Barnhart*, 201 Fed. Appx. 617, 624 (10th Cir. 2006) ("The omission of any specific

information about Ms. Tucker's seizures from the ALJ's hypothetical questions—such as potential frequency, type of seizure activity, and any post-ictal effects found by the ALJ— undermines the VE's testimony about jobs potentially available to Ms. Tucker and the ALJ's determination that she can engage in substantial gainful activity despite her seizure disorder.") (emphasis in original) (*citing Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.") (quotation omitted)). *See also Griffin v. Astrue*, 2012 WL 725694, at *12 (S.D Ohio March 5, 2012) ("[T]he case law is clear that when a claimant suffers from a seizure disorder, the administrative law judge, in addition to restricting the claimant from performing certain hazardous activities which are inconsistent with occasional seizures, has an obligation to describe for the vocational expert the frequency, nature, and duration of plaintiff's seizures based upon the evidence of record. . . . Many other courts have imposed a similar requirement.") (collecting cases, including *Tucker*).  Here, while the ALJ found that the claimant's seizure disorder would limit him from working at unprotected heights or around dangerous moving machinery, he failed to discuss the parts in the record where the claimant indicated he could not drive.  This would affect, at the least, the claimant's ability to perform his past relevant work as a warehouse worker.  *See* DICOT § 922.687-058.

Because the ALJ failed to properly determine claimant's RFC and failed to evaluate the evidence as to his impairments, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the evidence in relation to *all* of

the claimant's impairments (singly and in combination). If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

### Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 24th day of February, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**