IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARREN E. H., **Plaintiff,** v. KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, **Defendant.** | Case No. 20-CV-386-JFH-SPS |

## OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Steven P. Shreder ("Magistrate Judge") on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying a request for disability benefits and supplemental security income benefits by Plaintiff Warren E. H. ("Plaintiff"). Dkt. No. 21. The Magistrate Judge recommends that the Court reverse the Commissioner's denial of Plaintiff's application for benefits and remand for further proceedings. *Id.* For the reasons set forth below, the Court reverses the Commissioner's denial of benefits, and remands for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on May 11, 2017 and supplemental security income benefits on May 16, 2017, alleging inability to work beginning on June 27, 2014. Dkt. No. 11 at 29. Plaintiff's claim was denied initially on August 18, 2017, and again upon reconsideration on November 16, 2017. *Id.* At Plaintiff's request, an administrative

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

hearing was held in Fort Smith, Arkansas on May 6, 2019, before Administrative Law Judge Clifford Shilling.  *Id.*  After the hearing, the case was reassigned to Administrative Law Judge Timothy Suing ("ALJ").  *Id.* at 29, 39.  By written decision issued on February 4, 2020, the ALJ found that Plaintiff was not disabled.  *Id.* at 39.  The Appeals Council denied Plaintiff's request for review on September 28, 2020.  *Id.* at 1.  Plaintiff timely filed this appeal on October 30, 2020.  Dkt. No. 16 at 2.

The Magistrate Judge issued his Report and Recommendation ("Report") on February 24, 2022, recommending that the Commissioner's decision be reversed, and that the matter be remanded for further proceedings.  Dkt. No. 21.  The Magistrate Judge found the ALJ committed reversable error by failing to properly assess the claimant's residual functional capacity ("RFC").  *Id.* at 4, 10-11.  Defendant Kilolo Kijakazi, Acting as Commissioner of Social Security, timely filed her objection to the Magistrate Judge's Report on March 10, 2022, requiring review by this Court.  Dkt. No. 22.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.*  (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## DISCUSSION

Defendant objects to the Report on four (4) bases:

1. The Magistrate Judge erred in finding that the ALJ's failure to properly assess Dr. Sudduth's findings constitutes reversible error;

2. The Magistrate Judge incorrectly determined that the ALJ did not include a sufficient narrative discussion linking the RFC determination to evidence in the record;

3. The Magistrate Judge erred in finding that the ALJ failed to adequately account for Plaintiff's seizure disorder; and

4. Alternatively, the Magistrate Judge erred in failing to find harmless error.

Dkt. No. 22. The Court will address each of these arguments in turn.

### I. Finding of the ALJ's Failure to Assess Dr. Sudduth's Report

First, the Commissioner argues that the Magistrate Judge erred in finding that the ALJ's failure to properly assess Dr. Sudduth's findings constitutes reversible error. Dkt. No. 22 at 1-3. Specifically, the Commissioner argues that under the revised regulations for evaluating medical evidence, Dr. Sudduth did not render a medical opinion but rather only provided clinical findings. *Id.* Accordingly, the Commissioner argues the ALJ was not required to evaluate the persuasiveness of Dr. Sudduth's findings in assessing the Plaintiff's RFC as he did not opine on Plaintiff's work-related functional limitations. *Id.* This Court agrees.

Under the revised regulations, a medical opinion is defined as "a statement from a medical source about what [the claimant] can still do despite [his] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions" in work-related functional

3

abilities. 20 C.F.R. § 404.1513(a)(2). Work-related functional abilities include the claimant's ability to perform the physical and mental demands of work activities, such as walking, lifting, stooping, crouching, maintaining concentration, persistence, or pace, carrying out instructions, and remembering. *Id.* Further, the claimant's ability to perform other work demands using senses such as hearing or seeing and the ability to adapt to environmental conditions also constitute work-related functional abilities. *Id.* In formulating the claimant's RFC, the revised regulations require the ALJ to articulate how persuasive he finds all "medical source opinions" and prior "administrative medical findings" using the factors set forth in 20 C.F.R. §§ 404.1520c(c) and 416.920c(c).[2]

However, the regulations do not expressly require the ALJ to evaluate "other medical evidence," including medical signs, laboratory findings, clinical findings, diagnoses, and prognoses pursuant to the 20 C.F.R. § 404.1520c(c) factors. *Id.* §§ 404.1520(b), 416.913(a)(3). Instead, as stated, the ALJ must only evaluate "medical opinions" and "administrative findings" pursuant to the factors. 20 C.F.R. § 404.1520c(c). Thus, when a doctor does not provide a medical opinion regarding a claimant's work-related functional abilities, the ALJ is not required to discuss such evidence in formulating the claimant's RFC. *See Duncan v. Colvin*, 608 F. App'x 566, 574 (10th Cir. 2015) (unpublished) (finding the ALJ did not fail to consider an opinion in formulating the RFC where the doctor only opined on the claimant's medical diagnoses not functional limitations); *see also Harvell v. Comm'r of the Soc. Sec. Admin.*, No. CIV-19-109-RAW-KEW,

---

[2] The Court acknowledges that Plaintiff applied for both disability insurance benefits under 20 C.F.R. § 404 and supplemental security income benefits under 20 C.F.R. § 416. The factors employed in the evaluation of medical opinions and prior administrative findings under each application category are identical. *See* 20 C.F.R. §§ 404.1250c(c), 416.920c(c). Thus, for brevity, this Court will hereinafter only refer to the factors listed in 20 C.F.R. § 404.1250c(c).

4

2020 WL 4196465, at *4-5 (E.D. Okla. June 11, 2020) (determining no medical opinion existed regarding functional limitations for the ALJ to evaluate in formulating the claimant's RFC where the doctor's examination report consisted only of clinical findings), *adopted by Harvell v. Comm'r of the Soc. Sec. Admin.*, CIV-19-109-RAW-KEW, 2020 WL 4194199 (E.D. Okla. Jul. 21, 2020); *see also Nancy May J. v. Kijakazi*, No. 2:20-cv-00486-CWD, 2022 WL 684372, at *5 (D. Idaho Mar. 8, 2022) (determining the ALJ did not fail to evaluate Dr. Grey's report in formulating the claimant's RFC pursuant to the 20 C.F.R. § 416.920c(c) factors because the report containing clinical findings, diagnoses, and symptoms did not constitute a medical opinion); *see also Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding the ALJ correctly refused to consider a doctor's description of a claimant's ability to perform in the workplace as "limited" or "fair" in formulating the RFC because it failed to specify the claimant's functional limitations).

Upon review of the record, the Court finds that the ALJ's failure to evaluate the persuasiveness of Dr. Sudduth's findings pursuant to the 20 C.F.R. § 404.1520c(c) factors in formulating the RFC does not constitute reversible error. Here, the record makes clear that the ALJ acknowledged that Dr. Sudduth made several clinical findings such as decreased range of motion, pain with range of motion, and nerve root irritation when the Plaintiff raised his legs. Dkt. No. 11 at 31-32. However, as Dr. Sudduth did not opine on the degree of any functional limitations associated with his findings, his findings constitute "other medical evidence" under the revised regulations. 20 C.F.R. §§ 404.1520(b), 416.913(a)(1), & 404.1513(a)(2). Accordingly, the regulations do not require the ALJ to further evaluate Dr. Sudduth's findings pursuant to the 20 C.F.R. § 420.920c(c) factors, and the Magistrate Judge erred in concluding otherwise.

## II.     The ALJ's Narrative Discussion

Next, the Commissioner argues that the Magistrate Judge incorrectly determined that the ALJ did not include a sufficient narrative discussion. Dkt. No. 22 at 4-6. Specifically, the Commissioner argues that the ALJ sufficiently linked specific medical evidence to the RFC determination and that the ALJ did not overlook any limitation or restriction. Dkt. No. 22 at 5. This Court disagrees.

The Magistrate Judge found that the ALJ failed to provide a sufficient narrative discussion explaining how the stated RFC accounts for all of Plaintiff's impairments, including the documented disc disease of the cervical spine and the compression deformities in the thoracic and lumbar spine. Dkt. No. 21 at 9. Social Security Rule 96-8p provides "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). Moreover, in assessing the claimant's RFC, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, whether severe or not severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence." *See Gravdahl v. Kijakazi*, No. CIV-21-1060-F, 2022 WL 2709680, at *4 (W.D. Okla., June 24, 2022) (citing *Southard v. Barnhart*, 72 F. App'x 781, 784-85 (10th Cir. 2003) (unpublished)); *see also Spicer v. Barnhart*, 64 F. App'x 173, 177-78 (10th Cir. 2003) (unpublished) (determining the ALJ's RFC findings were not supported by substantial evidence where the ALJ failed to engage in sufficient narrative discussion linking specific evidence in the record to the RFC conclusion). The Court

agrees with the Magistrate Judge that the ALJ failed to provide a sufficient narrative discussion under this standard.

The Court further rejects the Commissioner's reliance on *Hendron v. Colvin*, 767 F.3d 951 (10th Cir. 2014). The Commissioner argues that the "Tenth Circuit rejected a substantially identical analysis" in *Hendron*, where the Court addressed the concern that certain limitations may be overlooked without a function-by function analysis. Dkt. No. 22 at 4-5. However, *Hendron* is readily distinguishable from the present case for two (2) reasons. First, the portion of *Hendron* the Commissioner cites addresses a different legal issue than the issue at hand. In the present case, the Magistrate Judge did not recommend reversal on the basis that the ALJ failed to conduct an appropriate function-by-function analysis, but on the basis that the ALJ failed to include a sufficient narrative discussion linking the RFC conclusion to specific medical evidence. Dkt. No. 21 at 9.

Here, while the ALJ summarized most of the relevant evidence from the record, he failed to explain how the evidence supported his finding that Plaintiff could perform less than a full range of medium work as assessed in the RFC. For example, the ALJ simply noted that Plaintiff had compression deformities and degenerative changes in his cervical and lumbar spine but also had normal gait, normal muscle strength, and normal sensation despite a positive straight leg raise test. Dkt. No. 11 at 36. The ALJ also mentioned Plaintiff's assertions that his seizures preclude him from driving but did not discuss how the evidence relating to that issue was considered or his conclusion on whether the evidence supported such a limitation. *Id.* at 34. Further, the ALJ concluded Plaintiff is limited by his depression and must avoid hazardous machinery and work at unprotected heights due to seizures. Dkt. No. 11 at 36. However, the Tenth Circuit has held such statements do not constitute meaningful discussion of Plaintiff's ability to perform sustained work

activities considering his documented impairments. *See Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 618 (10th Cir. 1995); *see also* 20 C.F.R. §§ 416.920, 404.1520a(c)(2), 416.920a(c)(2). The ALJ's general discussion of the evidence apart from any articulation of the rationale for how that evidence supports the RFC conclusion is insufficient and constitutes reversible error. *See Cruse*, 49 F.3d at 618.

Second, *Hendron* is distinguishable because unlike the present case, the ALJ in *Hendron* thoroughly reviewed all the medical evidence and discussed in detail how that evidence supported his conclusion that the plaintiff was not disabled. 767 F.3d at 954-56. For example, the ALJ in *Hendron* noted that even when the plaintiff was experiencing pain, the plaintiff's own statements to doctors during that period showed she could perform the requirements of sedentary work in line with the RFC determination. *Id.* at 955. Further, the ALJ acknowledged that the claimant engaged in certain activities that aggravated her injuries but reasoned that her attempts to engage in those activities demonstrated her impairments were not as severe as alleged. *Id.* Finally, the plaintiff in *Hendron* also reported she was pain-free during the entirety of the relevant time period, and the ALJ specifically explained how that fact supported his conclusion. *Id.*

Conversely, as discussed above, the ALJ in the present case summarily concluded the Plaintiff could perform less than a full range of medium work. Unlike the ALJ in *Hendron*, the ALJ in the present case failed to include sufficient narrative discussion demonstrating how specific evidence from the record, including Plaintiff's documented impairments or subjective statements, supported the RFC conclusion.

Therefore, this Court agrees with the Magistrate Judge that the ALJ's RFC conclusions are not supported by substantial evidence. *See Spicer*, 64 F. App'x at 177-78 (determining the ALJ's RFC findings were not supported by substantial evidence where the ALJ failed to engage in

sufficient narrative discussion linking specific evidence in the record to the RFC conclusion); *see also Fleetwood v. Barnhart*, 211 F. App'x 736, 739-40 (10th Cir. 2007) (finding the ALJ's RFC determination was not supported by substantial evidence where the ALJ failed to include sufficient narrative discussion by relying on state agency determinations consisting of "check-the-box forms" and simply stating he found those opinions persuasive without further analysis).  Because the ALJ did not include sufficient narrative discussion linking specific evidence in the record to the RFC conclusion, the ALJ's decision must be reversed and remanded.

## III.   Evaluation of Claimant's Seizure Disorder

Next, the Commissioner argues the Magistrate Judge erred in finding that the ALJ failed to wholly account for Plaintiff's seizure disorder, specifically Plaintiff's alleged inability to drive. Dkt. No. 22 at 6.  This Court disagrees in part and remands for further analysis of the remaining issue.

At step-five of the ALJ's sequential analysis for determining disability, the ALJ "may relate the claimant's impairments to a [vocational expert] and then ask the [vocational expert] whether, in his opinion, there are any jobs in the national economy that the claimant can perform."  *See Tucker v. Barnhart*, 201 F. App'x 617, 624 (10th Cir. 2006) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996)).  However, when an ALJ elicits testimony from a vocational expert ("VE") by hypothetical questions that "do not relate with precision all of a claimant's impairments[, the VE's testimony] cannot constitute substantial evidence . . . ."  *Id.* (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  Specifically, when a claimant suffers from a seizure disorder, an ALJ cannot simply describe for a VE the types of hazardous work activities a claimant must avoid such as unprotected heights, open machinery, and operating vehicles.  *Id.*   Rather, the ALJ must include explicit information about a claimant's seizure

condition such as "frequency, type of seizure activity, and any post-ictal effects." *Id.*; *see also Griffin v. Astrue*, No. 2:11-cv-192, 2012 WL 725694, at *12 (S.D. Ohio Mar. 5, 2012) (explaining the ALJ must "describe for the vocational expert the frequency, nature, and duration of plaintiff's seizures based upon the evidence of the record"); *Folsom v. Barnhart*, 309 F. Supp. 2d 1286, 1298-99 (D. Kan. 2004); *Orr v. Chater*, 956 F. Supp. 861, 875-77 (N.D. Iowa 1997); *Flanery v. Chater*, 112 F.3d 346, 350 n.10 (8th Cir. 1997).

Here, the ALJ posed a single question to the VE that allowed the VE to consider the claimant's seizure disorder. Dkt. No. 11 at 65. Specifically, the ALJ asked the VE whether a claimant with the RFC to perform medium work who must also avoid exposure to hazardous machinery and unprotected heights could perform any jobs in the national economy. *Id.* Clearly, the ALJ's question does not provide the VE with information regarding the frequency, nature, and duration of Plaintiff's seizures based upon the evidence of the record as the question does not even state Plaintiff has a seizure disorder. *See Tucker*, 92 F.3d at 624; *see also Griffin*, No. 2:11-cv-192, 2012 WL 725694, at *12. Further, though the ALJ described the hazardous work activities Plaintiff must avoid, the ALJ's question is insufficient to relate the Plaintiff's seizure impairment to the VE. *See Tucker*, 201 F. App'x at 624 (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted) (finding that the ALJ's inclusion of seizure precautions in hypothetical questioning to a VE is insufficient to relate with precision the Plaintiff's impairments)). Therefore, the lack of specific information in the hypothetical questions about Plaintiff's seizures undermines the VE's testimony about the work Plaintiff can perform, and consequently, the ALJ's determination is not supported by substantial evidence. *Id.*

However, to the extent the Magistrate Judge found the ALJ was required to include the Plaintiff's alleged driving limitation in the hypothetical questioning, this Court must disagree and

10

remand the issue for further analysis. As the Commissioner correctly notes, the ALJ is not required to pose hypothetical questions or accept answers to hypothetical questions that do not reflect impairments or limitations supported by the record. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995); *see also Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (unpublished) (citing *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996)). Moreover, on review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

Here, absent sufficient narrative discussion from the ALJ explaining how he weighed conflicting evidence regarding Plaintiff's ability to drive, the Commissioner's argument overstates the ALJ's analysis and also presumes his conclusion. As previously stated, the ALJ's opinion only mentioned Plaintiff's testimony on this issue without any further analysis to guide the Court. While the ALJ did find the State agency medical consultants' opinions persuasive, it is the Commissioner, not the ALJ, who points out the consultants determined Plaintiff could drive. Dkt. No. 22 at 6. Therefore, neither the Commissioner nor the Court can determine, without presuming, whether the ALJ found the asserted limitation supported or unsupported by the record. Because the ALJ does not reference the portion of the state consultants' opinions that found Plaintiff had the ability to drive, it is not apparent from the ALJ's decision whether he even considered Plaintiff's asserted driving limitation. A finding that Plaintiff's asserted driving limitation is supported or unsupported by the evidence would require this Court to impermissibly reweigh the evidence, something it cannot and will not do. *White,* 287 F.3d at 905 (quoting *Casias*, 933 F.2d at 800). Accordingly, the Court must remand for further analysis on this issue to avoid presupposing an unstated conclusion.

Therefore, this Court agrees with the Magistrate Judge that the ALJ's decision must be reversed and remanded as the ALJ's decision is not supported by substantial evidence. *See Tucker*, 92 F.3d at 624 (quoting *Hargis*, 945 F.2d at 1492 (quotation omitted)). On remand, if the ALJ determines and includes a sufficient narrative discussion explaining why Plaintiff's alleged driving limitation is unsupported by the record, the ALJ is not required to include the driving limitation in hypothetical questions posed to a VE. However, if the ALJ determines Plaintiff's alleged driving limitation is supported by the record, the ALJ must incorporate the limitation into hypothetical questioning. *See Grotendorst*, 370 F. App'x at 883 (citing *Decker*, 86 F.3d at 955). Finally, even if the ALJ determines the record does not support Plaintiff's alleged driving limitation, the ALJ must still include hypothetical questions based upon the evidence in the record regarding the frequency, nature, and duration of Plaintiff's seizures sufficient to relate Plaintiff's impairment to the VE. *See Tucker*, 92 F.3d at 624; *Griffin*, No. 2:11-cv-192, 2012 WL 725694, at *12.

**IV.   Harmless Error**

Alternatively, the Commissioner argues that the Magistrate Judge erred in failing to find harmless error. Dkt. No. 22 at 7. The Commissioner argues that even if the ALJ erred at step four in concluding the Plaintiff could return to his past work as a warehouse worker, such error is harmless because of the ALJ's alternative step five findings. *Id.* At step five, the ALJ concluded that the Plaintiff could perform other jobs in the national economy. Dkt. No. 11 at 37-39.

A VE's testimony can form the basis for an ALJ's determination when a Plaintiff's impairments are adequately relayed to a VE. *See Gay v. Sullivan*, 986 F.2d 1336, 1340-41 (10th Cir. 1993). However, here, the VE's testimony was undermined because the ALJ's hypothetical questions were insufficient to relate the Plaintiff's seizure impairment to the VE. Accordingly, the Commissioner's harmless error argument fails because each of the ALJ's alternative step five

findings are based solely on the VE's testimony.  Dkt. No. 11.  For this reason, the Court does not find this case to be the type of case in which the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).  Therefore, the ALJ's decision must be reversed and remanded for further proceedings consistent with this Opinion and Order.

## CONCLUSION

IT IS THEREFORE ORDERED that the Objection [Dkt. No. 22] filed by Defendant Kilolo Kijakazi, acting as Commissioner of Social Security, is SUSTAINED IN PART and OVERRULED IN PART, the Magistrate Judge's Report and Recommendation is ADOPTED IN PART AND REJECTED IN PART, and the Court hereby REMANDS this matter for further proceedings consistent with this Opinion and Order.

DATED this 8th day of November 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE